**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ADAM ZUCKERMAN**<br>11808 Beekman Place<br>Potomac, Maryland 20854<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAST ENERGY, INC.**<br>4201 S. Congress Ave. No. 323<br>Austin, Texas 78745<br><br>and<br><br>**BRET KUGELMASS**<br>4201 S. Congress Ave. No. 323<br>Austin, Texas 78745<br><br>**Defendants.** | **Civil Action No. _____**<br><br>**Removed from:**<br><br>**Superior Court of the District of Columbia** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Last Energy, Inc. ("Last Energy") and Bret Kugelmass ("Mr. Kugelmass") (collectively "Defendants"), by and through undersigned counsel, file this Notice of Removal of this action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia. As grounds for removal, Defendants state as follows:

1.     On or about July 14, 2026, Plaintiff Adam Zuckerman ("Plaintiff") filed this action against Defendants Last Energy, Inc. and Bret Kugelmass in the Superior Court of the District of Columbia, captioned *Adam Zuckerman v. Last Energy, Inc. and Bret Kugelmass*, Case No. 2026-CAB-004843. (Compl. & Summons, attached hereto as **Ex. 1**.) Plaintiff brought claims against Defendants for common law breach of contract, breach of implied covenant of good faith and fair

dealing, fraudulent misrepresentation, violations of the D.C. Wage Payment and Collection Law, and unjust enrichment.

2. Plaintiff served Last Energy with the Summons and Complaint on July 21, 2026. (Affidavits of Service, attached hereto as **Ex. 2.)** Plaintiff served Mr. Kugelmass with the Summons and Complaint on July 21, 2026. (*Id.*) Service for both Defendants was perfected at Last Energy's headquarters located at 4201 S. Congress Ave, # 323, Austin, Texas 78745.

3. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case. *Id.* at §§ 1331 and 1441(b).

4. The Superior Court in which this matter was commenced is within this Court's district. Therefore, the matter is properly removable to this Court. 28 U.S.C. § 1441(a).

5. Defendants' Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(1). Thirty days following July 21, 2026, is August 20, 2026. Thus, Defendants' Notice of Removal is timely.

6. Under 28 U.S.C. §§ 1332 and 1441, defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). To be a citizen of a state within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

2

7.      For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014). An individual's residence alone does not establish his or her domicile. *Naegele v. Albers*, 355 F. Supp. 2d 129, 134-35 (D.D.C. 2005). A person acquires domicile in a state when the person resides there and intends to remain there indefinitely.[1] *Core VCT*, 59 F. Supp. 3d at 125. In determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors might shed light on the subject in any given case. This includes the party's current residence; a sworn declaration of domicile, ownership of real and personal property, voting registration, bank accounts, automobile registration, driver's license and club membership. *Id.* at 126.

8.      For purposes of diversity jurisdiction and removal, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

9.      Diversity of citizenship is determined as of the date the action is filed. In *Grupo Dataflux v. Atlas Global Group, L.P.*, Justice Scalia wrote for the Court majority that, "[i]t has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *TIG Ins. Co. v. Rep. of Argentina*, 967 F.3d 778, 783 (D.C. Cir. 2020) ("In the context of

---

[1] Historically, the meaning of the word "domicile" is "the technically preeminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined." *Williamson v. Osenton*, 232 U.S. 619, 625 (1914) (Holmes, J.). Where an individual has resided in a state for a considerable time, being engaged in the prosecution of business, he or she may well be presumed to be a citizen of such state. On a change of domicile from one state to another, citizenship may depend upon the intention of the individual. "[T]his intention may be shown more satisfactorily by acts than declarations. An exercise of the right of suffrage is conclusive on the subject; but acquiring a right of suffrage, accompanied by acts which show a permanent location, unexplained, may be sufficient." *Shelton v. Tiffin*, 47 U.S. 163, 185 (1848) (McLean, J.).

determining diversity jurisdiction, for example, jurisdiction 'is determined by the condition of the parties at the commencement of the suit.'"(quoting *Anderson v. Watts*, 138 U.S. 694, 702-03 (1891))).

10.    On the date Plaintiff filed this action—July 14, 2026—full diversity of citizenship existed between Plaintiff and Defendants. As of that date, Plaintiff was a citizen of the State of Maryland. As of that date, Defendant Bret Kugelmass was a citizen of the State of Texas. As of that date, Defendant Last Energy, Inc. was a citizen of the States of Texas and Delaware. Accordingly, Defendants may properly remove this matter to this Court.

11.    In his Complaint, Plaintiff has represented to the Court that he is domiciled in the State of Maryland, residing at 11808 Beekman Place, Potomac, Maryland 20854. (Compl. ¶ 6.) There is no indication from the Complaint that Plaintiff considers himself a citizen of any other state or jurisdiction.

12.    Defendant Last Energy, Inc. is a corporation incorporated under the laws of the State of Delaware on November 20, 2018. (Declaration of Liam Sefchick ("Sefchick Decl.") at ¶ 2 & Ex. A, attached hereto as **Ex. 3.**) In April 2025, Last Energy, Inc. moved its headquarters and principal place of business to 4201 S. Congress Avenue, # 323, Austin, Texas 78745. (*Id.* at ¶ 4.) Last Energy, Inc. has continuously operated business from Austin, Texas since July 1, 2025. (*Id.* at ¶ 5.) On January 5, 2026, the Texas Secretary of State approved Last Energy's request to operate as a foreign for-profit corporation. (*Id.* at ¶ 6 & Ex. B.)

13.    Defendant Bret Kugelmass, Last Energy's Chief Executive Officer, is a resident of the State of Texas. (Declaration of Bret Kugelmass ("Kuglemass Decl.") ¶ 3, attached hereto as **Ex. 4.**) Mr. Kugelmass moved to Austin, Texas from the District of Columbia in July 2025 with the intent to reside there permanently. (*Id.* at ¶¶ 4-5.) He resides at 700 River Street, Apt. 2316,

Austin, Texas 78701. (*Id.* at ¶ 3.) Demonstrating his intent to permanently make Texas his domicile, he registered his car in Texas in late 2025, and he obtained a Texas Driver's License in January 2026. (*Id.* at ¶ 7.) Mr. Kuglemass does not hold himself out as a resident of the District of Columbia and has not done so since moving to Texas in July 2025. (*Id.* at ¶ 8.) Mr. Kugelmass does not intend on changing his domicile to any other state. (*Id.*) More importantly, there is no indication that Mr. Kugelmass intends to become domiciled in the State of Maryland or the District of Columbia. (*Id.* at ¶¶ 8-9.)

14.   Therefore, at the time of initiating his suit in the Superior Court for the District of Columbia, complete diversity of citizenship existed between the Plaintiff and the Defendants because Plaintiff is a citizen of Maryland, Defendant Mr. Kugelmass is a citizen of Texas, and Defendant Last Energy, Inc. is a citizen of Delaware and Texas.

15.   Plaintiff recognized the complete diversity of the Parties when he listed the addresses for both Defendants on his legal papers as 4201 S. Congress Ave, # 323, Austin, Texas 78745. (*See* Compl. at 1.)

16.   Under 28 U.S.C. § 1332(a), diversity jurisdiction is proper because Plaintiff is seeking a monetary judgment in the excess of the $75,000.00 minimum amount in controversy requirement.

17.   "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18.   When a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). A defendant's

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold. *Id.* at 89. "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of … other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in responses to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

19.     On the Civil Cover Sheet attached to the Complaint, Plaintiff values his claims at more than $1,500,000.00. (Compl., Ex. 1.) In his Complaint, Plaintiff alleges that he "lost vested stock options worth well over $1 million" (*Id.* at ¶ 5.)  He further alleges that "as of December 2025, the value of the 78,189 Last Energy options that Mr. Zuckerman was wrongfully prevented from exercising was approximately $1.5 million." (*Id.* at ¶ 62.)  In addition to this base valuation, Plaintiff seeks compensatory damages, restitution, special damages, punitive damages, unpaid wages, liquidated damages, statutory penalties, attorneys' fees, costs, and pre- and post-judgment interest. (*Id.* at 17-18.) Accordingly, the face of the pleadings makes clear that the amount in controversy far exceeds the $75,000.00 threshold required by 28 U.S.C. § 1332(a).

20.     Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders that have been served upon Defendants to date in this matter are included with this Notice of Removal as **Exhibit 5**.

21.     Attached as **Exhibit 6** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

22.     Attached as **Exhibit 7** is a copy of the Notice to Plaintiff of Filing of Notice of Removal, the original of which is being served on Plaintiff in accordance with 28 U.S.C. § 1446(a).

6

23.     The required filing fee of $405.00 and an executed civil information sheet accompany this Notice.

WHEREFORE, Defendants Last Energy, Inc. and Bret Kugelmass respectfully request that the Clerk note that this action has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of the District of Columbia.

August 11, 2026                                Respectfully submitted,

                                               LITTLER MENDELSON, P.C.

                                               By: */s/ Meredith Schramm-Strosser*
                                               Meredith Schramm-Strosser, Bar No. 1012077
                                               Chelsie L. Smith, Bar No. 1614643
                                               815 Connecticut Avenue, NW, Suite 400
                                               Washington, DC 20006
                                               MSchramm-Strosser@littler.com
                                               CLSmith@littler.com
                                               202.772.2531 telephone
                                               202.330.5014 facsimile

                                               *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing systems, and that copies of the foregoing were served by email and first-class mail, postage prepaid, upon the following:

Rebecca S. LeGrand
LeGrand Law PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 587-5725
rebecca@legrandpllc.com

Scott Shuchart
Shuchart PLLC
5636 Connecticut Ave., NW #42289
Washington, DC 20015
(201) 527-9026
scott@shuchartlaw.com

*Counsel for Adam Zuckerman*

I further certify that, pursuant to 28 U.S.C. § 1446(d), on August 11, 2026, a copy of the foregoing Notice of Removal was served via File&ServeXpress upon the following:

Clerk of the Superior Court
D.C. Superior Court
500 Indiana Avenue, NW
Washington, DC  20001

*/s/ Meredith Schramm-Strosser*

8